THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EMMA MARTIN, Appellant.

Third Department, July 2, 1941.

*F. Claude O'Connell* and *J. W. Davern*, for the appellant.

*Robert S. Long, District Attorney*, for the respondent.

SCHENCK, J. Defendant appeals from a judgment of conviction of arson in the third degree. The trial was had before the Clinton county judge and a jury. The defendant had been indicted jointly with one Wilbee. Upon motion of the district attorney and with consent of defendant, a severance was granted and the trial proceeded against the defendant Emma Martin alone. Wilbee turned State's evidence and became a witness for the People.

Wilbee testified that he was hired by defendant to burn certain barns and other farm buildings owned by one Cora Rea. It is the contention of the defendant that Wilbee's testimony was not sufficiently corroborated to sustain conviction. As an accomplice, of course, Wilbee could not give testimony which, standing by itself, would suffice. Defendant argues that additional evidence fell short of corroboration and that a verdict of acquittal should have been directed by the court at the close of the People's case.

The record, however, does not bear out this argument. I believe that there is sufficient testimony by other witnesses to corroborate Wilbee's testimony. Much of the supporting evidence is circumstantial and, standing by itself, would not sustain conviction. Taken as a whole, however, and regarded for what it is, it is sufficient. There is, furthermore, no serious error in the record in the admission of this evidence.

The witnesses Raymond Cooper and Donald Gravelle testified as to defendant's ill feeling against Cora Rea arising from her (defendant's) expulsion from the grange. The witness Florence Gravelle testified as to threats against Mrs. Rea and the grange by defendant. Accordingly, motive and a desire for revenge were shown.

The witness Glenn Merrihew testified that defendant attempted to persuade him as a member of the grand jury not to bring in an indictment arising from the Rea fire. The witness Howard King testified that defendant had offered him $100 to use in "fixing" the grand jury. This line of testimony, while challenged by defendant, is clearly admissible under the case of *People* v. *Place* (157 N. Y. 584). The evidence was properly before the jury, even though it tended to show defendant guilty of another crime, on the same theory that evidence of flight or an assault to suppress evidence would be admissible. All this, of course, clearly revealed guilty knowledge of defendant after the crime had been committed.

The argument that Wilbee, himself, never set fire to the buildings in question is refuted by his identification by the witness Genac, who testified that his son, now serving in the armed forces of the country, likewise identified Wilbee at the scene of the crime on the night in question. The witnesses Mr. and Mrs. Gonyeau, furthermore, testified that the automobile identified as that used by Wilbee in the commission of the crime had been used without their permission the night of the crime. They had left it outside of the Park Hotel, which was owned by defendant and her husband and in which Wilbee was employed.

All of this seems ample to corroborate Wilbee's testimony that he was hired by defendant to commit the crime. The court, therefore, properly denied the motion for a directed verdict of acquittal.

Other arguments less strenuously urged by defendant for reversal are likewise without merit. The verdict was not against the weight of evidence for the reasons already stated. The charge, which was not excepted to, was proper. The only request to charge made by defendant was granted. The court was correct in overruling defendant's challenge to the jury panel submitted at the opening of the trial. The ruling was in accordance with section 363 of the Code of Criminal Procedure. The only serious controversy as to the admission of evidence involves the aforesaid testimony of Merrihew and King relative to attempts by defendant to " fix " the grand jury. That evidence was properly admitted under *People* v. *Place* (*supra*).

The judgment of conviction should be affirmed.

HILL, P. J., CRAPSER and FOSTER, JJ., concur; BLISS, J., dissents on the errors in the reception of evidence and on the district attorney's summation.

Judgment of conviction affirmed.